HILL, Circuit Judge,
dissenting:
This is not an appeal of the Hearing Officer’s decision to uphold the Housing Authority’s termination of the Lanes’ rental assistance. Reversal of that decision is not even within our power.[1]
Rather, we are reviewing the district court’s dismissal of the Lanes’ claim that they suffered constitutional injury during that hearing. The Lanes’ claim is not just that the Hearing Officer’s decision was “wrong,” but that it was the result of constitutional error.
After the hearing, the Lanes sued the Housing Authority in the district court, claiming that the Hearing Officer violated the Constitution by relying exclusively on hearsay in reaching his decision.[2] The district court disagreed and dismissed the Lanes’ complaint. It is the district court’s dismissal of the Lanes’ constitutional claim that is before us.
The majority, however, does not address the Lanes’ unconstitutional hearsay claim. It summarily concedes that “it is not necessarily the hearsay nature of the registry or the call log that is problematic on the due process front.”[3] That acknowledgment should have resulted in a summary affirmance of the district court’s dismissal of the Lanes’ complaint.
But the majority opinion does not do that. Instead, it undertakes to review the evidence supporting the Hearing Officer’s decision and to find “reversible error” in the Hearing Officer’s findings of fact that the Lanes’ son lived with them and that he did so for more than fourteen days. This undertaking is mistaken on two levels.
1. An Erroneous Findvng of Fact is not a Constitutional Violation
First, even if the majority were correct that the Hearing Officer made a mistake of *917 fact in reaching his decision, that mistake is not of constitutional dimension.[4] The constitutional guarantee of due process entitles the Lanes to a fairly reached result, not necessarily a correct one.
Furthermore, the majority does not even claim to have found constitutional error. Instead, it characterizes the putative mistake as a “legal insufficiency” of the evidence. It compares, at great length, this case to the facts in our Basco decision, which is universally regarded as having avoided the constitutional claim of exclusive reliance on hearsay by finding an insufficiency in the evidence supporting the Hearing Officer’s decision. Thus, I can only conclude that the majority believes it is entitled to review the Hearing Officer’s decision for evidentiary error and, finding such error, to reverse his decision.
But this is not an appeal from the Hearing Officer’s decision. We are reviewing the district court’s dismissal of the Lanes’ constitutional claim that the Hearing Officer impermissibly relied upon hearsay in reaching his decision, a claim the majority summarily concedes is without merit. Thus, the Lanes’ Section 1983 claim of constitutional error is without merit and the district court correctly dismissed it.
2. The Heanng Officer’s Findings of Fact are not Clearly Erroneous
Second, even if we were reviewing the Hearing Officer’s findings that the Lanes’ son resided with them and that he did so for more than fourteen days, I believe that the majority is mistaken in concluding that there was “no” competent evidence from which he could have found these facts.
The Lanes’ son registered their home as his address in October of 2010. The police call log revealed that inquiries to the Lanes’ home phone quickly resulted in the Lanes’ son’s making contact with the local police. The Hearing Officer inferred from these facts that the Lanes’ son resided with them. The district court concluded that the evidence was sufficiently reliable to support that inference. I agree.
First, it is a third degree felony under Florida law for a sex offender to misreport his residence in the registry. The district court found that this threat of prison for a false registration would give the Lanes’ son a strong interest in correctly registering his address. I agree.
Second, Florida law permits a sex offender to put down almost anything as his address. The Lanes’ son could have reported a transient residence, a future temporary residence, a post office box, or even a car as his residence. Thus, the district court found that there was little reason for their son to put down the Lanes’ address unless he was actually living there. I agree.
Third, Florida law requires that sex offenders change their registered address within 48 hours of moving. The Lanes’ son never changed his registration. The Hearing Officer inferred from this evidence that the Lanes’ son resided with them for more than fourteen days. The district court held the evidence reliable. I agree.
Finally, the district court held that the Hearing Officer was entitled not to credit a homeless shelter verification provided by the Lanes showing that their son resided in San Francisco for a period of fourteen days in January of 2011. The district court reasoned that there was no indication that this verification was created with the threat of criminal sanction and that this fact undermined its credibility. Furthermore, the district court found that the verification, at most, showed only that the *918 Lanes’ son lived in San Francisco for a period of fourteen days in January of 2011 and that this fact did not negate the inference to be drawn from the sex offender registry that the Lanes’ son lived with the Lanes for over fourteen days from October 2010 to January 2011. I agree.
Therefore, even if we were tasked with reviewing the evidence supporting the Hearing Officer’s decision, and I do not believe we are, it cannot be said as a matter of law that the Hearing Officer drew unreasonable inferences from the evidence before him. The majority’s conclusion to the contrary seems to me to be the product of an unauthorized de novo review of the facts, substituting its judgment for that of the finder of fact. In any event, such evidentiary error, even if it existed, would not state a constitutional claim.
Finally, the majority goes on to find additional possible constitutional violations from the “totality of the allegations in the Lanes’ complaint,” including “an inability to confront or cross-examine witnesses.” This allegation, however, cannot support a claim of constitutional violation in this case. Any violation of a right to cross-examine witnesses would have to be statutory in origin because, as the majority concedes, there is no constitutional prohibition on reliance — even exclusive reliance — on hearsay in a Section 8 hearing. The Lanes recognize this limitation and assert that their right to such confrontation arises from a regulation that permits them to confront the witnesses against them in a Section 8 hearing. See 24 C.F.R. 982.555(e)(5).
The majority, however, recognizes that such an allegation of regulatory violation does not state a constitutional claim.[5] Therefore, it cannot form the basis for a Section 1988 complaint and the district court rightly dismissed it.
I believe that we should affirm the district court’s judgment dismissing the Lanes’ complaint for failure to state a constitutional claim.

. It appears, although not briefed, that there may be no judicial review of these administrative hearings. See Hahn v. Gottlieb, 430 F.2d 1243, 1249-51 (1st Cir. 1970).

. I agree with the majority's conclusion that the statutory and regulatory violations alleged in Count 2 of the Lanes' complaint do not state a claim of constitutional injury under Section 1983.

.I believe that the majority should have applied the U.S. Pipe test to assess the reliability of the sex offender registry and call log before conceding that this hearsay could form the exclusive basis for the Hearing Officer’s decision. I believe that the evidence passes this test, but the majority does not inquire. See U.S. Pipe & Foundry Co., 595 F.2d at 270.

. Nor do the Lanes claim that such a mistake of fact would constitute constitutional error.

. As noted above in footnote 2, the majority recognizes that allegations of statutory or regulatory violation do not state a constitutional claim under Section 1983.